**Mynor Amilcar NAJERA–PORTA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71746.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

Arielle N. Bases, Esq., Law Office of Arielle Bases, Encino, CA, for Petitioner.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM **

Mynor Amilcar Najera–Porta, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an Immigration Judge's ("IJ") order denying his application for asylum. We have jurisdiction pursuant to 8 U.S.C. § 1252.

When, as here, the BIA affirms the IJ's decision without opinion, this court's review focuses on the merits of IJ's decision. *Khup v. Ashcroft,* 376 F.3d 898, 902 (9th Cir.2004). The IJ's decision that an immigrant has not established eligibility for asylum is reviewed for substantial evidence, a deferential standard under which it must be upheld unless the evidence compels a contrary result. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Njuguna v. Ashcroft,* 374 F.3d 765, 769 (9th Cir. 2004).

Based on our review of the record, we are not compelled to conclude that Najera–Porta has a well-founded fear of persecu-

---

tion. *See Nagoulko v. INS*, 333 F.3d 1012, 1015–16 (9th Cir.2003). Accordingly, substantial evidence supports the IJ's denial of asylum.

The IJ also denied Najera–Porta's application for withholding of removal and for protection under the Convention Against Torture ("CAT"). Because we conclude that Najera–Porta has not established eligibility for asylum, it follows that he has not satisfied the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003). Because he does not raise the denial of his CAT claim, we decline to consider it here. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259069 (9th Cir.1996).

The voluntary departure period was stayed and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft*, 365 F.3d 741, 750 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.